**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CASE NO: 4:18-CR-274** |
| | ) | |
| **PABLO RANGEL-RUBIO,** | ) | |
| **JUAN RANGEL-RUBIO, and** | ) | |
| **HIGINIO PEREZ-BRAVO** | ) | |

**GOVERNMENT'S MOTION TO DESIGNATE THIS CASE COMPLEX**
**AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America, by and through Bobby L. Christine, United States Attorney for the Southern District of Georgia, and the undersigned Assistant United States Attorneys, respectfully move to designate this case as complex and to exclude time from computation under the Speedy Trial Act.

**I.   Background Information**

On August 19, 2017, Eluid Montoya was shot and killed.  A later autopsy classified his death as a homicide.  The indictment charges the defendants for their role in a conspiracy to kill Mr. Montoya after he exposed an unlawful scheme to hire illegal aliens.  The indictment alleges that Defendants Pablo Rangel-Rubio and Juan Rangel-Rubio conspired to conceal, harbor, and shield illegal aliens and collectively received over $3,500,000 as a result of an unlawful scheme to hire and employ illegal aliens.  The indictment further alleges that Defendants Pablo Rangel-Rubio and Juan Rangel-Rubio conspired to murder a federal witness after he reported the unlawful employment scheme.  The indictment further alleges that Defendant Pablo Rangel-

1

Rubio paid Defendant Higinio Perez-Bravo to help Defendant Juan Rangel-Rubio kill the federal witness.

Defendant Pablo Rangel-Rubio is charged with (1) conspiracy to conceal, harbor, and shield illegal aliens in violation of Title 8, United States Code, Section 1324; (2) money laundering conspiracy in violation of Title 18, United States Code, Section 1956(h); (3) three counts of money laundering transactions over $10,000 in violation of Title 18, United States Code, Section 1957(a); (4) conspiracy to kill a witness in violation of Title 18, United States Code, Section 1512(k); (5) conspiracy to retaliate against a witness in violation of Title 18, United States Code, Section 1513(f); and (6) conspiracy to commit murder-for-hire in violation of Title 18, United States Code, Section 1958(a).

Defendant Juan Rangel-Rubio is charged with (1) conspiracy to conceal, harbor, and shield illegal aliens in violation of Title 8, United States Code, Section 1324; (2) money laundering conspiracy in violation of Title 18, United States Code, Section 1956(h); (3) conspiracy to kill a witness in violation of Title 18, United States Code, Section 1512(k); and (4) conspiracy to retaliate against a witness in violation of Title 18, United States Code, Section 1513(f).

Defendant Higinio Perez-Bravo is charged with conspiracy to commit murder-for-hire in violation of Title 18, United States Code, Section 1958(a).

**II.   Discovery**

The government will follow an expanded discovery policy in this case, and expects to produce a significant volume of discovery, including numerous witness interviews, recorded interviews of the defendants, various search warrants, law

enforcement investigative reports, photographs, law enforcement body worn camera videos, bank records, cellular telephone records, cellular telephone tower records, text messages, surveillance videos, records of forensic analysis, and assorted other documents and other discovery in this case. The defendants and many of the witnesses in this case speak Spanish and much of the recorded interviews, text messages, and documents are in Spanish. The discovery also includes English transcripts of various Spanish interviews, text messages, and other documents where available.

### III. Procedure for Seeking the Death Penalty

As noted herein, all three defendants are charged with capital eligible offenses. The Attorney General for the United States makes the final decision whether to seek the death penalty. Before the final decision to seek the death penalty as to any defendant is made, the United States Attorney's Office will review the evidence in the case, including any aggravating and/or mitigating factors, and will make its own recommendation to the Capital Case Unit within the Criminal Division of the Department of Justice.[1] As part of this process, the government will afford the defendants the opportunity to offer evidence and argue against pursuing the death penalty in this case.

### IV. Discussion

For the reasons set forth below, the Government submits that based on the facts and circumstances of this case, including: (1) the complexity of the prosecution

---

[1] The procedures for seeking the death penalty in any case are set for in the Justice Manual, Capital Crimes, Section 9-10.000.

and the volume and complexity of the discovery to be produced by the government, (2) the need to afford the defendants sufficient time to gather and submit any arguments against pursuing the death penalty in this case, and (3) the need to allow the government to make a deliberate and fully informed decision about whether to seek the death penalty as to each defendant in this case, the ends of justice warrant designation of this case as complex and the exclusion of all time from the date of this filing until further Order of this Court from computation under the Speedy Trial Act.

The Speedy Trial Act requires a defendant's trial to begin within 70 days of his indictment or appearance before a judicial officer, whichever occurs later. *See* 18 U.S.C. § 3161(c)(1). Periods of delay resulting from various matters are automatically excluded from the computation of the 70 days. *See* 18 U.S.C. § 3161(h). Any "period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government" is excludable if the court granted such continuance on the basis of findings that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," and the court "sets forth, in the record of the case, either orally or in writings, its reasons for [that] finding." 18 U.S.C. § 3161(h)(7)(A).

Section 3161(h)(7)(B) sets forth the factors the court may consider when determining whether to exclude time pursuant to Section 3161(h)(7)(A). Where the court finds that "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings

4

or for the trial itself within the time limits established," the court may exclude such time as necessary to serve the ends of justice. 18 U.S.C. § 3161(h)(7)(B)(ii). Moreover, even if the Court does not find the case to be "so unusual or complex" as set forth in 18 U.S.C. § 3161(h)(7)(B)(ii), the Court may still grant such a continuance if failure to grant such a continuance would "deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

Capital prosecutions are inherently complex, and numerous courts have excluded time under the Speedy Trial Act based on the complexity of such prosecutions. *See, e.g., United States v. Mathis*, 96 F.3d 1577 (11th Cir. 1996) (affirming trial continuance under Speedy Trial Act based, among other reasons, on the prosecutor's wish for reasonable time to prepare a superseding indictment and to obtain approval to seek the death penalty.); *United States v. Murillo*, 288 F.3d 1126, 1133 (9th Cir. 2002) ("We join our sister circuit in holding that the death penalty consideration process is a valid reason to grant an ends of justice continuance."); *United States v. Reddick*, No. 09-MJ-2001, 2010 WL 5253527, *5 (D.N.J. Dec. 17, 2010) ("The decision whether to seek the death penalty is not straightforward. Given the implications for defendant, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time periods in the Speedy Trial Act."); *United States v. Bran*, No. 3:12CR131, 2012 WL 4507903, *2 (E.D. Va. Sep. 28, 2012) (finding a death penalty case complex as a result of the nature of the prosecution).

Here, the government submits that based upon the complexity of the

prosecution and the volume and complexity of the discovery to be produced by the government; the need to afford the defendant sufficient time to gather and submit any arguments against pursuing the death penalty in this case; and the need to allow the government to make a deliberate and fully informed decision about whether to seek the death penalty as to each defendant in this case, it is unreasonable to expect adequate preparation for trial or pretrial proceedings within the time limits proscribed by the Speedy Trial Act. The government therefore submits that the ends of justice warrant designation of this case as complex and the exclusion of all time from the date of this filing until further Order of this Court from computation under the Speedy Trial Act.

Even if the Court finds that this case is not "so unusual or complex" as set forth in 18 U.S.C. § 3161(h)(7)(B)(ii), the government submits that the Court should still exclude time from the Speedy Trial Act, because failure to do so would unreasonably deny all counsel reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B)(iv).

## V.  Conclusion

The government respectfully requests that the Court enter an Order designating this case as complex under the Speedy Trial Act and excluding all time from the date of this filing until further Order of this Court from computation under the Speedy Trial Act.

        Respectfully submitted,

        BOBBY L. CHRISTINE
        UNITED STATES ATTORNEY

        <u>/s/ Tania D. Groover</u>
        Tania D. Groover
        Assistant United States Attorney
        Georgia Bar No. 127947

        <u>/s/ Chris Howard</u>
        Chris Howard
        Assistant United States Attorney
        New York Bar No. 4935938

Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 201-2552
Facsimile: (912) 652-4388
E-mail: tania.groover@usdoj.gov; and
       christopher.howard@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

Submitted this 20th day of December, 2018.

                                            BOBBY L. CHRISTINE
                                            UNITED STATES ATTORNEY

                                            /s/ Tania D. Groover
                                            Tania D. Groover
                                            Assistant United States Attorney
                                            Georgia Bar No. 127947

Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 201-2552
Facsimile: (912) 652-4388
E-mail: tania.groover@usdoj.gov