UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v ) | Case No.: 4:18-cr-0274 |
| ) | |
| JUAN RANGLE-RUBIO, ) | |
| Defendant ) | |

MOTION TO WITHDRAW WAIVER OF CONSULATE NOTIFICATION

Comes now the Defendant JUAN RANGLE-RUBIO, by and through his attorney of record, who moves this Court for an Order allowing him to withdraw his prior election with regard to having this Court notify the Mexican Consulate of his legal situation. In support hereof Defendant shows to the Court the following:

1. At the time of making an election not to notify the Mexican Consulate Defendant did not receivd advice of Counsel. Instead, while standing with his codefendants Defendant was presented with a form and was instructed to sign it while his Counsel was on the other side of the Courtroom. Additionally, Defendant signed the waiver prior to the Government announcing it was seeking a Death Penalty Certification from the DOJ. Therefore, the Defendant signed the waiver before being completely informed by the Government as to the maximum possible sentence in his case and lacking this critical information at the time he signed the waiver, the Defendant was unable to make a knowing, informed election of his rights.

2. Counsel is advising the Defendant that it would be in his best interest to notify the Mexican

Consulate of his legal situation, particularly since the Government announced it may be seeking the death penalty in this case.

3. Defendant shows that if the Mexican Consulate is notified he and his legal counsel may be eligible for additional legal support and resources to assist in his defense.

4. U S Department of State policies require Consulate notification upon request by a foreign nation facing US criminal charges.  Although Mexico is not on the list of countries for which notification is mandatory, US policy requires such notification upon request; therefore this Motion should be granted and the Court direct the government to notify the appropriate Mexican officials of Defendant's charges and of his current incarceration. (*US Department of State, Consular Notification and Access Manual*, 3rd Edition, 2010).

5. Such notification is also required, upon request, by the Vienna Convention on Consular Relations entered into by the US in 1969.

6. Such notification may be instrumental in providing the Defendant with money, training, and advice, courtesy of the Mexican government, such as the **Mexican Capital Legal Assistance Program**, created by Mexican officials in 2000 to save the country's citizens from execution in the United States.

7. One of the program's chief purposes is to help defense attorneys construct a biography of the accused—to humanize them. Poverty, family dysfunction, and developmental disability are frequent themes in their clients' lives. When presented as part of a defense, such themes can encourage mercy among jurors and dissuade them from handing down a death sentence.

8. To that end, the program arranges for lawyers to go to Mexico to track down school and

hospital records and stories about their clients' lives, either paying for their travel costs or advising them on how to request money from local courts. Under the program, Mexico pays American lawyers up to $220 an hour to track potential death penalty cases around the country—watching court decisions and news stories from the moment of arrest, all the way through the last minute scramble before an execution—and advise court-appointed lawyers.

9. Since 2008, the program has provided these attorneys with an average annual budget of around $4 million to track as many as 135 cases at a time, according to the program's filings with the Department of Justice. That comes out to roughly $29,000 per case, per year, in additional aide that may be accessible to this Defendant.

10. More resources and training translates into more compelling stories, as defenders plead for mercy for their clients. The program can connect defense attorneys with officials in Mexico, who would help them travel to their clients' hometowns, many of which are often inaccessible by paved roads, helping Defense Attorneys in finding mitigating evidence to avoid the imposition of the death penalty. In a 2008 Hofstra Law Journal article, Greg Kuykendall, the Tucson, Arizona-based director of the program, claimed that it had a 95 percent success rate in keeping roughly 300 Mexican nationals from being executed. Such numbers are difficult to verify, however, because the program tends not to share much about its work publicly; Kuykendall was not granted clearance by the Mexican government to be interviewed for this story. Mexican Embassy spokesman Ricardo Alday told The Marshall Project, "Mexico in no way condones or sympathizes with any criminal behavior for which some of its citizens have been accused," but the country's government "opposes the death penalty as a matter of principle and has a strong policy of protecting its nationals abroad including in the United States."

**Wherefore**, Defendant moves this Court for an Order allowing him to withdraw and retract his prior election and requiring the Government to immediately notify the nearest and most appropriate Mexican Consulate of Defendant's legal difficulties.

Respectfully submitted this 6th day of January 2019.

/s/ George R. Asinc
GEORGE R. ASINC
Attorney for Juan Rangle-Rubio
Georgia Bar No. 025197

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v        ) | Case No.: 4:18-cr-0274 |
| ) | |
| **JUAN RANGLE-RUBIO,** ) | |
| **Defendant** ) | |

## ORDER

The foregoing Motion having been read and considered the Court hereby ORDERS that the U S Attorney immediately and without delay notify the Mexican Consulate for this jurisdiction of the Defendant's charges and incarceration and provide any and all information necessary and required to comply with State Department and DOJ Rules and Regulations regarding such notice. It is further ordered that copies of all notices and responses must be served on Defense Counsel.

So Ordered this _____ day of _____ 2019.

_____
Honorable James E. Graham
Magistrate

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v )<br>)<br>JUAN RANGLE-RUBIO, )<br>    Defendant ) | Case No.: 4:18-cr-0274 |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record have been served with a copy of this Motion and Proposed Order in accordance with the notice of electronic filing generated as the result of the electronic filing of the same in this Court.

This 6th day of January 2019.


/s/ George R. Asinc
GEORGE R. ASINC
Attorney for Juan Rangle-Rubio
Georgia Bar No. 025197