**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 3:55 pm, Feb 04, 2019*

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO.: 418-cr-274 |
| PABLO RANGEL-RUBIO, et al., | |
| Defendants. | |

### ORDER

This matter is before the Court on the Government's Motion for Protective Order Governing Discovery. Doc. 43. The Government argues that the use and dissemination of discovery materials in this case should be limited and restricted due to the nature of charges and the nature of the discovery materials in this case. The Government asserts that this case involves allegations that Defendants Pablo Rangel-Rubio and Juan Rangel-Rubio conspired to conceal, harbor, and shield illegal aliens in an extensive scheme to employ illegal aliens. Defendants Pablo Rangel-Rubio and Juan Rangel-Rubio are additionally accused of conspiring with and paying Defendant Higinio Perez-Bravo to kill a federal witness after the witness reported the illegal employment scheme. The Government asserts that the discovery in this case is voluminous, and much of the discovery contains personal identifying information such as names, social security numbers, dates of birth, addresses, and financial records. Accordingly, the Government asks that the Court impose certain limits and restrictions on the use and dissemination of discovery materials in this case. No Defendant has opposed the Government's request.

After careful consideration, and for good cause shown, the Court **GRANTS** the Government's Motion and Orders that the following restrictions and limitations shall govern discovery material in this case:

All discovery material provided in this case shall:

(1) Be used by counsel of record only for purposes of representing their clients in this action;

(2) Be maintained in a safe and secure manner by each counsel of record;

(3) Not be possessed by any Defendant, except in the presence of Defendant's counsel; and

(4) Not be disclosed in any form by any party in any format outside of this action, to include disclosure on social media.

Additionally, aside from counsel, discovery material provided in this case may be disclosed only to the following designated persons:

(1) Investigative, secretarial, clerical, and paralegal personnel retained by or affiliated with counsel of record;

(2) Independent expert witnesses, investigators, or advisors retained by counsel of record in connection with this action; and

(3) Other witnesses testifying to the contents of the discovery material.

(4) Any other persons authorized by the Court upon motion of either party.

If counsel for any party seeks to disclose discovery material in this case to a person authorized to receive material by this Order, the disclosing counsel must provide a copy of this Order the person receiving the material before the material is disclosed, and the person receiving the material must agree to the terms of this Order.

All counsel of record and individuals receiving any discovery material provided in this action must be familiar with and comply with Federal Rule of Criminal Procedure 49.1 and this District's Local Rule for Administration of Criminal Cases 16.1.

This Order shall not apply to materials used or admitted as evidence at trial in this case. Furthermore, if any party seeks an exception or amendment to this Order related to a particular piece of discovery material, such request should be submitted to the Court by motion. In that case, the movant may submit any particular piece of disputed discovery material to the Court for consideration under seal.

**SO ORDERED**, this 4th day of February, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA