IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| v. | : Case No. 4:18-CR-00274-LGW-BWC |
| | : |
| PABLO RANGEL-RUBIO (1), | : |
| JUAN RANGEL-RUBIO (2), and | : |
| HIGINIO PEREZ-BRAVO (3), | : |
| | : |
| Defendants. | : |

**BRIEF IN SUPPORT OF DEFENDANT HIGINIO PEREZ-BRAVO'S MOTION FOR ACCESS TO JURY SELECTION RECORDS AND MATERIALS**

Under 28 U.S.C. §1867(f), the holding of the United States Supreme Court in United States v. Test, 420 U.S. 28, 30 (1975), and the holdings of numerous circuit and district courts, including, Government of Canal Zone v. Davis, 592 F.2d 887, 889 (5th Cir. 1979); United States v. Royal, 100 F.3d 1019, 1024-1026 (1st Cir. 1996) and United States v. Orlando-Figueroa, 229 F.3d 33, 41-42 (1st Cir. 2000), a Defendant has an "unqualified" right to review jury selection records and materials without having to show in advance what he expects the information and materials to show or that this information and materials will necessarily, or even likely, result in a meritorious constitutional or statutory challenge to jury selection procedures. Moreover, denial of

this right to access is error, which at a minimum will require a remand if convictions occur. See, e.g., United States v. Lawson, 670 F.2d 923, 926 (10th Cir. 1982).

As the United States Supreme Court observed in United States v. Test, 420 U.S. at 30, 95 S.Ct. 950, "without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge." As explained in United States v. Royal, at 1023-1025, "Because the right to access to jury selection records is 'unqualified', a district court may not premise the grant or denial of a motion to inspect upon a showing of probable success on the merits of a challenge to the jury selection provisions. Although the burden is on the defendant to establish a prima facie case of unconstitutional exclusion, the right to access to the jury selection records is a precursor to this burden and is intended to provide the defendant with the evidence necessary to mount a proper showing. To avail himself of the right to access of jury selection records, a litigant need only allege that he is preparing a motion to challenge the jury selection process. The district court, therefore, erred in requiring Royal to make a showing of probable success on the merits of his jury selection challenge as a condition of granting access to the records.")(citations omitted). See, also, United States v. Alden, 776 F.2d 771, 773-775 (8th Cir. 1985)("'To avail himself (or herself) of (the) right of access to otherwise unpublic jury selection records, a litigant need only allege that he (or she) is preparing a motion challenging the jury selection procedures.' A defendant's motion may not be denied because it is unsupported by a 'sworn

statement of facts which, if true, would constitute a substantial failure to comply with the provisions of the jury selection act.' Nor may a motion to inspect be denied because the defendant fails to allege facts which show a 'probability of merit in the proposed jury challenge.'....Even if the defendant's anticipated challenges to the jury selection process, as articulated at the time of his motion for inspection, are without merit, the defendant may still inspect the jury records. Grounds for challenges to the jury selection process may only become apparent after an examination of the records.")(citations omitted); Government of Canal Zone v. Davis, 592 F.2d 887, 889 (5th Cir. 1979)("Since the Appellant's right to inspection was unqualified, whether or not the accompanying affidavit established a prima facie case of defective jury selection is of no import."); United States v. Beaty, 446 F.2d 1376, 1381-1382 (9th Cir. 1992)(same); United States v. Layton, 519 F.Supp. 946, 951 (N.D.Calif. 1981)(same); United States v. Carlock, 606 F.Supp. 491, 492-493 (W.D.La. 1985)("Both the Test case and the controlling Fifth Circuit authority further establish that the trial court cannot deny access to the jury selection materials on the grounds that the motion for inspection is not accompanied by an affidavit establishing a prima facie case of defective jury selection."); United States v. Penix, 516 F.Supp. 251 (W.D.Okla.1981)(Defendant's motion granted allowing the defendant "to inspect, reproduce and copy all records and papers used during the selection of the panel of prospective jurors of the petit jury to be used in this case."); United States v. Gruberg,

3

493 F.Supp. 234, 251 (S.D.N.Y. 1979)("1867(f) gives defendant an unconditional right to inspect the relevant documents," being "the records and papers used by the jury clerk of the southern district in connection with the jury selection process.").

Counsel for the Defendants have had experience in the examination of other district court juror selection plans and similar state court plans and discovered that those responsible have sometimes failed to follow scrupulously the court ordered plan. See, e.g., United States v. Northside Realty Associates, Inc., 510 F.Supp. 668, 685-706 (N.D.Ga. 1981). Improper exemptions, excusals and disqualifications can occur. Id. at 696-705. Procedures for a true random selection are sometimes ignored. Id., at 668-695; United States v. Kennedy, 548 F.2d 608, 610-612 (5th Cir. 1977); United States v. Clay, 159 F.Supp.2d 1357, 1366-1370 (M.D.Ala. 2001).  On occasion, simply by a mathematical or computer error a whole segment of the community may be left out or substantially underrepresented in the system.

Counsel for the Defendants have no way of knowing whether any of these problems occurred in the creation of the current Master and Qualified jury wheels in this District without reviewing the relevant records, nor without records would he know whether errors or mistakes had the required impact on the goals of the Act in insuring representative juries. United States v. Breland, 659 F.2d 590, 600-601 (5th Cir Unit B, 1980). Simply put, the mere fact that an appropriate system has been established by a court plan does not mean that the court plan was scrupulously

4

followed, that inadvertent and perhaps negligent mistakes were not made, or even if the plan was followed. Similarly, even if the Court has made attempts to insure that all cognizable groups in the division and district are properly represented on the jury wheels from which the grand and petit jurors are selected, until the actual results of those efforts are examined there is no way to know whether those efforts have been successful. Moreover, unless those issues are investigated now and timely raised, they may be forever waived. United States v. Davis, 411 U.S. 233, 238, 93 S.Ct. 1577, 1581 (1973)("Rule 12(b)(2) precludes untimely challenges to grand jury arrays, even when such challenges are on constitutional grounds.").

Counsel is just asking for what the Supreme Court expects counsel to ask for in this situation, access to relevant records from which counsel can determine whether he has a meritorious challenge and what issues merit pursuing before filing this motion. Indeed, under the Act, a motion challenging compliance with the Act must be accompanied with "a sworn affidavit of facts which, if true, would constitute a substantial failure to comply with the provisions of this Title." 28 U.S.C. §1867(d). If not, even a meritorious challenge based upon the Act will not be allowed. United States v. Kennedy, 548 F.2d 608, 612-614 (5th Cir. 1977)(Challenge under the Act because of the use of "volunteer" jurors barred because of failure of counsel to support claim with the required affidavit.). How can any attorney file such an affidavit when he does not have access to the information from which he, or his expert, can swear as to

the relevant facts? See, United States v. Layton, 519 F.Supp. 946, 950 (N.D.Calif. 1981) ("Section 1867(f) provides that the movant shall have the right to inspect and reproduce certain papers and records used in the jury selection process at all reasonable times during the preparation of the motion. Hence, the statute provides extremely liberal access to otherwise non-public jury selection records, which access makes it possible for the movant to state facts satisfying the requirements in Section 1867(f) of a sworn statement, if such facts exist, and should also make it possible for the movant to comply with the extremely strict timeliness requirements in Section 1867(a).").

Counsel for the Defendants seek in good faith access to records which in counsel's experience are routinely provided under 28 U.S.C. §1867(f) so that a litigant can determine whether the juror selection system in a particular district or division is operating consistently with statutory and constitutional requirements. These are records of an important governmental operation and Congress has specifically provided that access should be allowed to these records to litigants in federal court. To the extent that litigants are typically the only non-governmental citizens with an interest in ensuring compliance with statutory and constitutional requirements, the Act envisions challenges to jury selection procedures by litigants in federal court to be one means to ensure that statutory and constitutional requirements are being met. In this situation, litigants are like the "private attorney generals" ensuring compliance with federal law that Congress has provided for in a number of statutory frameworks.

The only way that a litigant can satisfy this role is to have access to the relevant records. The Defendants and their counsel have no purpose in seeking these records other than to ensure that the system is operating consistently with the Juror Selection Plan enacted in this Court, the Act and the Constitution. The Defendant are not seeking information regarding any particular juror who will serve in his case through this process. Counsel for the Defendants are merely doing what counsel is expected to do in this situation, that is investigate the current procedures and practices for selecting grand and petit jurors in this district and division so that they can be assured that their clients' rights have been honored and no legal issue has been missed. Under the Act and binding case law it would be error not to provide this access.

Accordingly, Defendants respectfully request that they be provided access to relevant and necessary jury selection records and data, as requested

[signatures on next page]

This 13th day of March, 2020.

        Respectfully submitted,

        s/*John R. Martin*
        John R. Martin, Ga. Bar No. 473325
        Martin Brothers, P.C.
        1099 St. Louis Pl
        Atlanta, GA 30306
        404-433-7446
        Email: jack@martinbroslaw.com
        Learned Counsel for Defendant Perez Bravo

        s/*Bobby Phillips*
        Robert P. Phillips, Ga. Bar No. 576700
        420 W. Broughton Street
        Savannah, GA  31401
        912-232-0081
        Fax: 877-232-9070
        Email: BPLaw@msn.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2020, I electronically filed an exact copy of the foregoing **Brief in Support of Motion for Access to Jury Selection Records and Materials** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

This 13th day of March, 2020.

                                          *s/John R. Martin*
                                          John R. Martin