IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Case No. 4:18-CR-00274-LGW-BWC |
| PABLO RANGEL-RUBIO (1), | : |
| JUAN RANGEL-RUBIO (2), and | : |
| HIGINIO PEREZ-BRAVO (3), | : |
| Defendants. | : |

**MOTION FOR CLARIFICATION OF THE COURT'S ORDER
REGARDING ACCESS TO JURY RECORDS (DOC. 384)**

Defendant Higinio Perez-Bravo, on behalf of himself and all three defendants in this case, requests that the Court clarify certain portions of its Order granting the defense access to jury selection records (Doc. 384), as explained in more detail below.

-1-

On November 24, 2020, the Court entered an Order granting in part and denying in part the Defendants' request for access to jury selection records and materials in order to particularize the motion challenging the jury selection procedures in this District and Division under the Jury Selection and Service Act of 1968 and constitutional requirements. (Doc. 384).

-2-

As explained in his detailed Declaration attached hereto, the defense's jury selection expert, Jeffrey Martin, contacted the Jury Administrator, Linda Johnson, to request copies of certain documents and information to which the Court granted access to the defense that did not involve any personal information of any juror, without having to travel to Savannah from his home in Atlanta. These documents include the Jury Selection Plan of the United States District Court for the Southern District of Georgia for the Random Selection of Grand and Petit Jurors, as Amended December 2016, which would have been the Plan in effect at the time of the selection of the grand jury in this case, as well as the Jury Selection Reports (AO-12 or JS-12) related to the jury wheel from which the grand jury was selected. These documents do not include any personal information of any potential juror. Other requests were simply for information regarding relevant dates and calculations that do not involve any particular written document. The defense also requested and the Court granted certain electronic information which could be provided simply by thumb drive, CD or secure download, that also does not include any personal information.

-3-

Ms. Johnson informed the expert and later in a telephone call with counsel for Defendant Higinio Perez-Bravo that she would provide access to this information ordered by the Court but that she would provide it only at the Clerk's Office in

Savannah, even though the documents and even the electronic data could simply be provided by mail or by delivery service.

-4-

The reason both counsel for Defendant Perez-Bravo and his expert made these requests is that both live in Atlanta and a trip to the Clerk's Office would be burdensome especially given the ongoing pandemic. Nevertheless, Ms. Johnson explained that she did not feel comfortable providing this information except in the Clerk's Office, because of the usual confidentiality concerns regarding jury information, even though at least to some extent the Court's Order appears to allow providing a copy of certain forms requested (Doc. 384, p. 6).

-5-

Although at some point the defense expert must travel to Savannah with regard to certain requests that can be viewed only in the Clerk's Office in that they involve personal information of potential jurors, it would greatly expedite the investigation by the defense expert if the information described above could be provided prior to having to travel to Savannah.

-6-

The Defendant and the defense expert have specifically made requests to the Jury Clerk, both orally and in writing, which are so far politely denied, without further clarification from the Court of its Order (Doc. 384). Counsel hereby request clarification from the Court that informs the Jury Clerk that she can provide materials

and information to which the Court has granted access, except for materials including personal information of potential jurors without requiring them to be reviewed in the Clerk's Office.

WHEREFORE, Defendants respectfully request that the Court provide the clarification requested herein.

This 7th day of January, 2021.

        Respectfully submitted,

        s/*John R. Martin*
        John R. Martin, Ga. Bar No. 473325
        Martin Brothers, P.C.
        1099 St. Louis Pl
        Atlanta, GA 30306
        404-433-7446
        Email: jack@martinbroslaw.com

        s/*Bobby Phillips*
        Robert P. Phillips, Ga. Bar No. 576700
        420 W. Broughton Street
        Savannah, GA 31401
        912-232-0081
        Fax: 877-232-9070
        Email: BPLaw@msn.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 7, 2021, I electronically filed an exact copy of the foregoing **MOTION FOR CLARIFICATION OF THE COURT'S ORDER REGARDING ACCESS TO JURY RECORDS (DOC. 384)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

This 7th day of January, 2021.

*s/John R. Martin*
John R. Martin