IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Case No. 4:18-CR-00274-LGW-BWC |
| PABLO RANGEL-RUBIO (1), | : |
| JUAN RANGEL-RUBIO (2), and | : |
| HIGINIO PEREZ-BRAVO (3), | : |
| Defendants. | : |

**<u>DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION REGARDING JURY CHALLENGE</u>**

In his Magistrate Judge's Report and Recommendation (R&R) regarding Defendant's jury challenge motions (Doc. 420, 429, 439), the Magistrate Judge recommends that these motions be denied for what the Magistrate Judge concluded was the failure to satisfy a 10% absolute disparity required by the Eleventh Circuit to support such motions. While noting the testimony of the defense expert concerning the problems with an absolute disparity threshold, with citations to the record, the Magistrate Judge nevertheless concludes that the statistics presented by the defense are insufficient because of a lack of a minus 10% absolute disparity, citing to several Eleventh Circuit cases. (R&R, p. 5-7).

As argued below, counsel suggests that two other numbers are just as important; 3/5 and 0. As previously explained in Defendants' Reply to United States' Response

1

In Opposition to Defendant Higinio Perez Bravo's Motion to Dismiss Indictment (Doc. 451), "it should be remembered that while the Eleventh Circuit seems to be fixed on a rigid absolute disparity test of minus 10%, the Supreme Court has never endorsed such an inflexible statistical standard. Berghius v. Smith, 559 U.S. 314, 329-330 (2010) ("[N]either Duren nor any other decision of this Court specifies the method or test courts must use to measure the representation of the distinctive groups in jury pools."); Alexander v. Louisiana, 405 U.S. 625, 630 (1972)("The Court has never announced statistical standards for the demonstration of 'systemic' exclusion of blacks.").

After all, a 10% absolute disparity requirement would allow for the exclusion of 50% of a distinctive population of 20% and the total exclusion of a population of 10%. See, Appendix to Foster v. Sparks, 506 F.2d 805, 835 (5th Cir. 1975)(Noting a 10% absolute disparity can produce "distorted results" for a population of 10% or less.). This is particularly important with regard to the Hispanic/Latino population here since it is less than 10% and imposing an absolute disparity of -10% allows for the complete exclusion of that group. And here, approximately 1/3 of the Hispanic/Latino population is underrepresented.

With respect to the relatively sizable African-American population of 32.55%, to impose a 10% absolute disparity requirement would effectively mean that an African-American is 3/5 of a non-black American, identical to how the original

United States Constitution classified the enslaved African-American population. (In the Southern District of Georgia, the 10% absolute disparity requirement is mathematically identical to reducing the African-American population to 3/5 of its actual population.). Indeed, here the 27.45% of African-American population on the qualified wheel represents attributing to African-Americans 4/5 of non-black Americans, not as reprehensible as the original Constitution, but equally unacceptable."

Nevertheless, whatever the Court decides as to whether the Magistrate Judge is correct about binding Eleventh Circuit law, the defense hereby preserves this issue for further appeal, if necessary. The defense believes that based upon the testimony presented below, this is an issue which the Eleventh Circuit should consider as to whether its rigid 10% absolute disparity rule is still appropriate.

[signatures on next page]

This 3rd day of November, 2021.

          Respectfully submitted,

          s/*John R. Martin*
          John R. Martin, Ga. Bar No. 473325
          Martin Brothers, P.C.
          1099 St. Louis Pl
          Atlanta, GA 30306
          404-433-7446
          Email: jack@martinbroslaw.com

          s/*Bobby Phillips*
          Robert P. Phillips, Ga. Bar No. 576700
          420 W. Broughton Street
          Savannah, GA  31401
          912-232-0081
          Fax: 877-232-9070
          Email: BPLaw@msn.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 3, 2021, I electronically filed an exact copy of the foregoing **OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING JURY CHALLENGE** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

This 3rd day of November, 2021.

<em>s/John R. Martin</em><br>
John R. Martin